HINER *v.* STATE OF INDIANA.

[No. 29,307. Filed December 10, 1956. Rehearing denied February 27, 1957.]

*Clarence E. Benadum, Ralph V. Cecil, Frederick F. McClellan,* all of Muncie, and *Frank I. Hamilton,* of Greensburg, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Richard M. Givan,* Deputy Attorneys General, for appellee.

ACHOR, C. J.—The appellant, Raymond Hiner, was charged with theft of 200 bushels of corn belonging to one Lloyd Lee and by use of a truck to escape. The jury returned a verdict of guilty and he was sentenced to the Indiana State Prison for a period of from one to ten years. He was further sentenced on the second count for automobile banditry for a period of 10 years, sentences to run concurrently.

As the primary grounds for reversal appellant maintains that the evidence wholly fails to show the following essential facts necessary to conviction: that the appellant actually stole and carried away the corn of Lloyd Lee in the amount charged in the affidavit.

The evidence in support of the conviction follows: A truck of detailed description, loaded with corn, with a portable elevator, covered by a tarpaulin, was seen by Ralph Lee, son of Lloyd Lee, owner of the corn, near his father's farm in Decatur County, at about 2:00 o'clock on the morning of June 18, 1954. Thereafter the son checked a corn crib of his father's and found that holes had been chopped into each end of the crib and nearly all the corn stolen. Police were notified and the truck of identical description, but without the elevator, loaded with corn, and owned and driven by the accused, was stopped by police in Harrison, Ohio, at about 5:30 of the same morning. The two locations are about 40 miles distant. Fresh tire impressions at the scene of the crime were made by like wheels and "with the same

tires" as appellant's truck. Chips of wood scattered through the corn were examined by the jury for their freshness and mode of cutting. A piece of wood taken from the base of one of the holes in the crib, where an elevator had apparently rested, contained particles of aluminum. The appellant admitted that he owned an aluminum portable elevator. Also, pictures of the crib and of the truck load of corn were admitted in evidence.

We believe the above evidence is sufficient to sustain the verdict.

Other errors presented are not of sufficient merit to warrant discussion.

Judgment affirmed.

Arterburn, Bobbitt, Landis and Emmert, JJ., concur.

NOTE.—Reported in 138 N. E. 2d 377.